RICHARDSON, J.
I respectfully dissent. Section 788 of the Evidence Code (further statutory references are to that code, unless otherwise indicated) provides that for the purpose of attacking credibility, it may be shown that the witness has been convicted of a felony. In People v. Beagle (1972) 6 Cal.3d 441, 453 [99 Cal.Rptr. 313, 492 P.2d 1], we held that a trial court, in applying section 788, should exercise its discretion in accordance with the guidelines expressed in section 352 wherein probative value is measured against prejudice. In five successive cases, People v. Spearman (1979) 25 Cal.3d 107 [157 Cal.Rptr. 883, 599 P.2d 74], People v. Fries (1979) 24 Cal.3d 222 [155 Cal.Rptr. 194, 594 P.2d 19], People v. Rollo (1977) 20 Cal.3d 109 [141 Cal.Rptr. 177, 569 P.2d 771], People v. Rist (1976) 16 Cal.3d 211 [127 Cal.Rptr. 457, 545 P.2d 833], and People v. Antick (1975) 15 Cal.3d 79 [123 Cal.Rptr. 475, 539 P.2d 43], “the majority has steadily and unnecessarily circumscribed the application of section 788 to the point where little remains of a clear legislative expression. ” (Spearman, 25 Cal.3d at p. 120 [dis. opn.].)
In the present case, the majority continues its lamentable trend, holding that the trial court erred in permitting the prosecutor to ask defendant (who had been charged with car theft and receiving stolen property) if he had ever been convicted of a “felony involving theft.” Because defendant had committed a prior car theft felony, the trial court used this device in a laudable attempt to avoid prejudicing defendant by disclosure to the jury of an identical prior conviction, yet precluding him from assuming that “false aura of veracity” which we condemned in Beagle, 6 Cal.3d at page 453. The majority has disapproved the attempted compromise. (See Rollo, supra, 20 Cal.3d 109, wherein the majority invalidated a similar procedure.)
No useful purpose would be served by repeating my views, extensively expressed in dissent in each of the above five cases, to the effect that the majority’s restrictions upon the admissibility of prior convictions were unwarranted. I do observe, however, that, by reason of the passage of Proposition 8 at the June 1982 election, and the adoption of new section 28, subdivision (f), of article I of the state Constitution, in future cases, including this defendant’s retrial, “Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding. ...” (Italics added.) Assuming that this new constitutional provision is not misconstrued, persons such as defendant upon taking the witness stand will no longer be able to suppress the fact of their prior felony convictions.
*137 I would affirm the judgment.